Daniel RUCKER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 6, 1977.

Certiorari Denied by Supreme Court Oct. 11, 1977.

Thomas Noel Phillips, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack Seaman, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Sterling P. Gray, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The Appellant appeals from the summary dismissal of a Petition for Writ of Mandamus.

The Appellant is incarcerated in the penitentiary serving a life sentence, on an offense unidentified in this record, and he is also serving a sentence of five (5) years on a conviction for an attempt to commit armed robbery while he was an escapee from the penitentiary. The Board of Pardons and Paroles has not established a parole eligibility date for the Appellant on the two sentences. In his petition, the Appellant seeks an order from this Court directing the Board to establish a parole date. The primary insistence made by the Appellant in this proceeding is that an order entered by the trial court of Davidson County in a previous proceeding is binding on the Board of Pardons and Paroles and that we should order the Board of Pardons and Paroles to comply with the order.

Prior to filing the petition in this case, the Appellant filed a Petition for Habeas Corpus questioning the manner in which the life sentence and sentence for attempted robbery should be served. On April 28, 1976, an agreed order was entered in the trial court wherein it was ordered by that court that the Appellant would not be required to serve any more time on the life sentence and that he would be eligible for parole on the five (5) year sentence after serving the minimum time required by law for the sentence. The Board of Pardons and Paroles apparently did not follow this determination, thus the initiation by the Appellant of the petition in this case. Upon reviewing the present petition, the trial

court, in an order entered October 1, 1976, ordered the five (5) year sentence to run consecutive to the life sentence. The trial judge, by this order, appears to have abrogated the agreed order of April 28, 1976.

The sum and substance of the Appellant's complaint herein is to have this Court order the Board of Pardons and Paroles to follow the order of the trial court entered on April 28, 1976, wherein the trial court declared the life sentence fully served. Additionally, he asks that he be given an evidentiary hearing in the trial court on his petition.

■ The Appellant attempted to commit an armed robbery while he was an escapee from the penitentiary where he was serving a life sentence. T.C.A. § 41–726 requires that any sentence imposed against a person for committing a felony while he is an escapee from the penitentiary shall be served consecutively to the sentence on which he is being held when he escapes. The five (5) year sentence of the Appellant runs, therefore, consecutively to the life sentence, and this sentence shall not commence to be served until the expiration of the life sentence.

■ A sentence for life does not expire but continues so long as a person serving such sentence lives, or, until a pardon has been granted. *Doyle v. Hampton,* 207 Tenn. 399, 340 S.W.2d 891 (1960).

■ A commutation would also terminate a life sentence. The granting of parole does not terminate a sentence but merely suspends the execution of the penalty thereon. *Doyle v. Hampton, supra.* Therefore, so long as the life sentence remains in effect, service of the five (5) year sentence shall not commence and eligibility for parole does not exist.

■ The courts have no authority or jurisdiction to terminate a valid sentence of confinement. The authority to grant pardons and commutations of sentences rests solely with the executive authority of this State. Article III, Section 6 of the Constitution of Tennessee, T.C.A. § 40–3501— § 40–3508. The granting of parole is vested exclusively in the Board of Pardons and

Paroles. T.C.A. § 40–3613. Therefore, the agreed order entered in the trial court on April 28, 1976, was void and had no binding effect on the Board of Pardons and Paroles.

The trial court order of October 1st, 1976, recognized the imperative provisions of T.C.A. § 41–726 and abrogated the order of April 28, 1976.

The petitioner is not entitled to the relief sought. The Board of Pardons and Paroles is not bound by or required to follow the agreed order of April 28, 1976, which was entered in the trial court.

The papers and pleadings filed in this cause show the petitioner is not entitled to any relief as a matter of fact or law and no evidentiary hearing was required.

The judgment of the trial court in dismissing the petition for a Writ of Mandamus is affirmed.

O'BRIEN and DUNCAN, JJ., concur.