Daniel **RUCKER,** pro se

v.

Stonney **LANE, Warden, State of Tennessee, et al.**

Civ. No. 3–78–83.

United States District Court, E. D. Tennessee, N. D.

April 26, 1978.

Daniel Rucker, pro se.

Jack E. Seaman, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The petitioner has filed a petition for habeas corpus relief pursuant to 28 U.S.C § 2254. Petitioner alleges that the conditions of his present confinement violate his rights to due process of law and to equal protection under the Fourteenth Amendment, as well as his right to be free from cruel and unusual punishment under the Eighth Amendment. The State of Tennessee has filed an answer.

The petitioner is presently confined at Brushy Mountain State Prison upon a conviction of rape, for which the petitioner received a sentence of life imprisonment, and upon a conviction for attempted robbery committed while he was an escapee from the penitentiary, for which the petitioner was sentenced to confinement for five years. Although the prior state judicial proceedings are complex, the heart of petitioner's constitutional claims involves the state court interpretation of Tenn.Code Ann. § 41–726, which provides as follows:

"If any inmate serving a term in the state penal system shall commit a felony while he is an escapee from said institution, he shall upon conviction and sentencing, commence the new sentence only after the expiration of all present sentences due to be served."

In an opinion filed July 6, 1977, the Court of Criminal Appeals, applying this statute to the petitioner's case, determined that the petitioner could not serve the five-year sentence until and unless the life sentence were no longer in effect. The practical

effect of this decision was to render the petitioner permanently ineligible for parole in the absence of pardon or commutation of his life sentence. *Rucker v. State of Tennessee*, 556 S.W.2d 774 (Tenn.Crim.App. 1977).

Petitioner's first claim is that the refusal of the Court of Appeals to grant to the petitioner an evidentiary hearing violated his right to due process. Petitioner has also requested an evidentiary hearing in this Court. The Court is of the opinion that petitioner was not, as a matter of constitutional law, entitled to an evidentiary hearing. The requirement of an evidentiary hearing on either the federal or state level depends upon the presence of a factual dispute. *Cf. Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). There has never been any dispute about the relevant facts in this case. The state courts have concluded purely as a matter of state law that the petitioner is not entitled to parole. There are no facts alleged which could materially alter the basis of that conclusion.

The petitioner also asserts that because he is the only prisoner in confinement in the State of Tennessee without a parole date, he is being denied his right to equal protection and his right to be free from cruel and unusual punishment. Assuming, arguendo, that petitioner's factual assertions are accurate, the Court is of the opinion that petitioner's constitutional claims are without merit.

Petitioner does not appear to contest the authority of the State of Tennessee constitutionally to provide for significantly enhanced punishment for those who commit felonies during a period in which they are escapees. *Cf. Graham v. West Virginia*, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912). Petitioner's claims arise from the fact that, allegedly, he is the only Tennessee prisoner who is deprived of parole eligibility by the workings of Section 41–726. In the absence of any showing to the contrary, the Court must assume that Section 41–726 has been applied fairly accurately and without discrimination to the petitioner's case. Ac-

cordingly, if petitioner is the only prisoner without a parole date, this is only because no other prisoners serving a life term have committed a felony during a period of escape. A punishment that is otherwise valid, is not rendered cruel and unusual merely because the proper circumstances for its application rarely occur. *Cf. Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Nor could the fair application of a valid punishment violate petitioner's right to equal protection.

For the foregoing reasons, it is ORDERED that the petition for a writ of habeas corpus be, and the same hereby is, denied.

Order accordingly.