THOMAS TARPLEY,                          )
                                         )
         Plaintiff/Appellant,            )
                                         )          Davidson Chancery
                                         )          No.  96-370-III
VS.                                      )
                                         )          Appeal No.
                                         )          01A01-9608-CH-00365
CHARLES TRAUGHBER, CHAIRMAN )
TENNESSEE BOARD OF PAROLES,              )
                                         )
         Defendant/Appellee.             )

FILED

November 8, 1996

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE ROBERT S. BRANDT, CHANCELLOR

Teresa Thomas #12788
Counsel for the State
404 James Robertson Parkway
Suite 2000
Nashville, TN 37243-0488
ATTORNEY FOR DEFENDANT/APPELLEE

Thomas Tarpley #132443
CCA-SCCF
P.O. Box 279
Clifton, TN 38425-0279
Pro Se/PLAINTIFF/APPELLANT

### AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

THOMAS TARPLEY,                    )
                                   )
    Plaintiff/Appellant,           )
                                   )   **Davidson Chancery**
                                   )   **No.  96-370-III**
VS.                                )
                                   )   **Appeal No.**
                                   )   **01A01-9608-CH-00365**
CHARLES TRAUGHBER, CHAIRMAN )
TENNESSEE BOARD OF PAROLES,         )
                                   )
    Defendant/Appellee.            )


# O P I N I O N

The captioned plaintiff, an inmate of the Department of Corrections, filed this suit for certiorari from an adverse decision of the Board of Paroles.  The Trial Court dismissed the suit for failure to state a claim for which relief can be granted.

Plaintiff's two issues complain of the dismissal of his suit and the failure of the Trial Court to find the action of the Parole Board illegal and arbitrary.

According to the complaint, on January 23, 1990, plaintiff was convicted of rape, aggravated kidnaping, and larceny and sentenced to 20 years confinement which began on February 24, 1989; on December 7, 1993, he met with a hearing officer who recommended that plaintiff not be paroled; the Board accepted the recommendation and scheduled further hearing on December 4, 1995, as a result of which hearing a hearing officer recommended that parole be refused because of "Confidential Information" and "Seriousness of Offense", the Board modified the recommendation by changing the grounds of refusal to read, "Confidential Information, Seriousness of Offense, complete sex offender program, participate in education program and complete vocational program" and set the next hearing for December, 1997; and the Board failed to provide plaintiff with a written statement of the reasons for its decision.

The complaint charged denial of due process, arbitrary and insufficient grounds and conditions, and denial of right to a meaningful hearing.

-2-

A prisoner has no constitutional or inherent right to release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 US-1, 199 S Ct 2100, R104, 60 L. Ed. 668 (1979).

Release on parole is a privilege and not a right, T.C.A. § 40-35-503(b).

Parole of Tennessee prisoners lies solely within the discretion of state officials. *Wright v. Trammell*, 810 F. 2d 589, 6th Cir. 1987.

An administration agency decision is arbitrary or capricious only when it lacks any rational basis. *Mobilecomm of Tennessee v. Tennessee Public Service Commission*, Tenn. App. 1993, 876 S.W.2d 101.

The scope of review of decisions of the Parole Board by certiorari does not include the correctness of the decision of the Board. *Powell v. Parole Eligibility Review Board*, Tenn. App. 1994, 879 S.W.2d 871.

The complaint fails to state a claim for which relief can be granted. The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the plaintiff. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE