IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 9, 1998

## WILLIE PERRY v. TENNESSEE BOARD OF PAROLES, ET AL.

Appeal from the Chancery Court for Davidson County
No. 97-2865-III    Ellen Hobbs Lyle, Chancellor

No. M1998-01018-COA-R3-CV - Filed January 22, 2001

This appeal involves a prisoner's efforts to be released on parole. After the Tennessee Board of Paroles declined to release him on parole, the prisoner filed petitions for both common-law and statutory certiorari in the Chancery Court for Davidson County asserting that the Board had acted illegally, arbitrarily, and fraudulently. The trial court dismissed the prisoner's petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Willie Perry, Jr., Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Patricia C. Kussmann, Assistant Attorney General, for the appellees, Tennessee Board of Paroles; Charles Traughber, Chairperson; Tom Biggs, Vice Chairperson; Don Dills; Rose Hill; John Harwell; Ancel McDuffee; and Larry Hassell, Board Members.

### OPINION

Willie Perry is currently incarcerated at the West Tennessee High Security Facility in Henning. He was originally convicted of second degree murder in 1981 in Shelby County and was sentenced to ten years. He was eventually paroled but was later returned to prison after being convicted of aggravated assault, receiving and concealing stolen property, and seven counts of armed robbery. When Mr. Perry was again considered for parole in 1997, the Tennessee Board of Paroles declined to grant him parole on the ground that (1) granting him parole would adversely affect internal prison discipline and (2) that he was in need of substance abuse counseling. Mr. Perry requested an appeal of the Board's decision, but the Board denied his request.

In July 1997, Mr. Perry filed a petition in the Chancery Court for Davidson County seeking writs of both common-law and statutory certiorari. He asserted that the Board in denying him parole acted illegally, arbitrarily, or, in the alternative, fraudulently. The Board responded by moving for dismissal of Mr. Perry's petition because it failed to allege either legal or factual grounds justifying issuance of a writ. In December 1997, the trial court granted the Board's motion, finding that nothing legally prevented the Board from resting its denial of parole on the grounds it articulated. As to the Board's alleged arbitrariness, the court found that the record submitted with Mr. Perry's petition indicated that the Board had a rational basis for its decision. Mr. Perry has appealed.

## I.

As we have said before, except for mandatory parole situations, parole is a privilege and not a right. *Totty v. Tennessee Dep't of Corr.*, No. 01A01-9504-CV-00139, 1995 WL 700205, at *3 (Tenn. Ct. App. Nov. 29, 1995) (No Tenn. R. App. P. 11 application filed ). Whether parole should be granted is a decision entrusted not to the courts but to the Board of Paroles. *Rucker v. State*, 556 S.W.2d 774, 776 (Tenn. Crim. App. 1977). Our only task is to review whether Mr. Perry has pled facts which, if taken as true, would indicate that the Board acted illegally, arbitrarily, or fraudulently by declining to parole him.

We deal first with Mr. Perry's contention that the Board acted outside the law by resting its denial of parole on considerations of the seriousness of his underlying criminal offenses. That argument goes nowhere for two reasons. First, the Board's June 1997 decision to decline to parole Mr. Perry does not appear to stem from the seriousness of his offenses.[1] Second, even if the Board had based its decision on the seriousness of Mr. Perry's offenses, it is now beyond question that the Board may consider the seriousness of a prisoner's offense. *Arnold v. Board of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997); *Robinson v. Traughber*, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999).

We also reject Mr. Perry's contention that the Board acted illegally by declining to grant him parole without stating "sufficient reasons" for doing so. Mr. Perry relies on cases construing old federal statutes such as 18 U.S.C. § 4206(b) (repealed 1987), that required federal parole boards denying parole to state the reasons for their decisions "with particularity." As a state prisoner, Mr. Perry has no corresponding entitlement. *Jordan v. Board of Paroles*, No. 01A01-9607-CH-00347, 1997 WL 13756 at *4 (Tenn. Ct. App. Jan. 16, 1997) (No Tenn. R. App. P. 11 application filed). Furthermore, Mr. Perry's argument, considered as a whole, demonstrates that he understood what the Board was referring to when it said that to grant him parole would adversely affect prison discipline. He did not need any additional particularity to understand the Board's stated bases for denying him parole.

---

[1] The record shows that from 1991 through 1996, the Board did decline to parole Mr. Perry because of the seriousness of his crimes. However, Mr. Perry cannot obtain direct or collateral review of these decisions at this late date because he failed to seek judicial review of each of them within sixty days as required by Tenn. Code Ann. § 27-9-102 (2000). *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn Ct. App. 1994). Thus, Mr. Perry's present petition is untimely, at least to the extent that he is attempting to challenge the Board's decisions between 1991 and 1996.

That leads us to our final point. Mr. Perry argues in his reply brief that he should not have been denied parole based on his disciplinary infractions alone. He characterizes his disciplinary "write ups" as illegal and false. Mr. Perry may not use this petition for certiorari against the Board of Paroles to collaterally challenge disciplinary determinations made by prison officials, not by the Board of Paroles. The proper vehicle for challenging a prison disciplinary action is a petition for common law certiorari directed against the responsible officials and filed within sixty days of the challenged action. *Rhoden v. Department of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). We note that Mr. Perry brought such a challenge while this appeal has been pending, and that his challenge was unsuccessful. *Perry v. Campbell*, No. M1998-00943-COA-R3-CV, 2000 WL _____ (Tenn. Ct. App. Jan. 22, 2001) (No Tenn. R. App. P. 11 application filed); *Perry v. Cold Creek Corr. Facility Disciplinary Bd.*, No. M1999-01898-COA-R3-CV, 2000 WL 1137710, at *2 (Tenn. Ct. App. Aug. 9, 2000) (No Tenn. R. App. P. 11 application filed).

The Board followed the law when it declined to parole Mr. Perry. The General Assembly has determined that no prisoner shall be granted parole if the Board finds release from custody at the time parole is sought would have a substantially adverse effect on institutional discipline. Tenn. Code Ann. § 40-35-503(b)(3) (1997). Mr. Perry's disciplinary infractions had occurred a mere five months prior to his parole hearing. *Perry v. Cold Creek Corr. Facility Disciplinary Bd.*, 2000 WL 1137710, at *1. We cannot say that the Board acted arbitrarily by deciding that to parole a known refractory prisoner would adversely affect institutional discipline.

## II.

We affirm the dismissal of Mr. Perry's petitions and remand the case to the trial court for whatever other proceedings may be required. We tax the costs of this appeal to Willie Perry for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE