IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2003

## DONOVAN K. DAVIS v. RAY MAPLES, TENNESSEE BOARD OF PROBATION AND PAROLES

**Appeal from the Circuit Court for Davidson County**
**No. 01C-3111     Walter C. Kurtz, Judge**

---

**No. M2002-02564-COA-R3-CV - Filed August 25, 2003**

---

An inmate brought this action to seek judicial review of the Board of Paroles decision to deny him parole. Because a prisoner has no liberty interest in early release, we affirm the dismissal of the due process claims brought herein. We affirm dismissal of that portion of the petition that alleges that the denial of parole was arbitrary and capricious, but specifically hold that Mr. Davis may pursue administrative appeal of that denial. We reverse dismissal of the claim that the Board's decision to defer Mr. Davis's next meeting with the Board for eleven years is not arbitrary and capricious, and remand that claim for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Reversed in Part, and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Donovan K. Davis, Henning Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Shay B. Winebarger, Assistant Attorney General, for the appellee, Ray Maples, Tennessee Board of Probation and Parole.

# MEMORANDUM OPINION[1]

The appellant, Donovan K. Davis, an inmate of the Tennessee Department of Correction, appeared before Ray Maples, a member of the Board of Paroles on August 15, 2001. After the hearing, Mr. Maples voted to deny parole, and that decision was concurred in by two other members of the Board. As a result, a decision denying Mr. Davis parole was entered August 20, 2001.

Mr. Davis did not appeal the parole denial administratively. He filed a petition for writ of certiorari in the trial court seeking review of the Board's decision to deny him parole. He alleged, among other things, that the board member had conducted his parole hearing in an arbitrary and capricious manner.

Persons dissatisfied with the Board's decisions may obtain judicial review using a petition for common law writ of certiorari. This petition limits the scope of review to a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *South v. Tennessee Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The petition does not empower the courts to inquire into the intrinsic correctness of the Board's decision. *Robinson v. Traughber*, 13 S.W.3d at 361, 364 (Tenn. Ct. App. 1999); *Turner*, 993 S.W.2d at 80. Thus, the courts will not use the common law writ to grant relief when the Board's decision was arrived at in a constitutional and lawful manner. Tenn. Code Ann. § 40-28-115(c); *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell*, 879 S.W.2d at 873.

Instead of filing the record of the proceedings below, which is the appropriate procedure where the Board intends to rely on any part of the record, *see Livingston v. State*, No. 1999-01138-COA-R3-CV, 2001 WL 747643, at *4 (Tenn. Ct. App. July 5, 2001) (no Tenn. R. App. P. 11 application filed), the state defendants filed a motion for summary judgment accompanied by affidavits. One of those affidavits was from the custodian of the Board's records who "reviewed" Mr. Davis's file. Attached to this affidavit was a Notice of Board Action reflecting that Mr. Davis was denied parole after an "IP" hearing and initialed by Mr. Maples as the hearing official. The reason for denial was that release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law.

An initial parole hearing is for the purpose of providing the prisoner an interview by a hearing officer to gather information about the prisoner's history, progress, parole prospects and any

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

other pertinent information.  Tennessee Code Annotated § 40-28-105(d)(2) governs how the Board may conduct its review for a grant of parole and states:

> The chair of the board may designate individual members of the board of probation and parole and appoint hearing officers who shall be authorized to conduct hearings, take testimony and make proposed findings of fact and recommendations to the board regarding a grant, denial, revocation or rescission of parole.  Such findings and recommendations shall be reduced to writing and reviewed by board members who shall adopt, modify or reject the recommendations.

The statute makes clear that the "hearing" may, in fact, consist of an interview with one Board member or a hearing officer.  Board Policy # 501.30 addresses parole release hearings.  The policy provides for a personal interview to allow the hearing officer or board member to address the prisoner's "history, current situation, parole prospects and any other pertinent matters.  The inmate shall be given ample opportunity to express his/her views and present relevant materials."

Mr. Davis's petition alleged several irregularities in his initial hearing, primarily the failure of the hearing officer to provide him with a full opportunity to present his position regarding parole and the facts of the offense for which he was convicted.[2]

The State respondents filed a motion for summary judgment, and Mr. Davis failed to file a response to the Statement of Undisputed Facts or to file affidavits contradicting those of the respondents.  The trial court dismissed the complaint finding that on the record before it, the respondents were entitled to summary judgment.  The court further found there was no indication in the filings that the decision of the board was made in an arbitrary or capricious manner, that any due process violation was implicated, or that any other violation of the law was shown.

### I.  Board's Failure to File Record and Other Procedural Shortcomings

The affidavit of the Board's records custodian includes testimony as to facts about the hearing, stating, "Mr. Davis alleges that Board Member Maples did not allow him to make a presentation as to why he felt that he was a good candidate for parole.  Mr. Davis was allowed to speak on his own behalf at his hearing."  Nowhere in the affidavit does the affiant state she was present at the hearing or how she might have personal knowledge of what transpired therein.

This deficiency in the affidavit did not go unnoticed by Mr. Davis.  In his response to the Board's motion for summary judgment, he points out that the affidavit was submitted by someone not present at the hearing and asserts that the statements therein regarding the hearing itself were, therefore, "mere allegations of general conclusion of hearsay testimony."

---

[2]Mr. Davis's allegations indicate he was dissatisfied with the hearing officer's interpretation of the facts underlying his conviction and with the hearing officer's reactions to his attempts to "correct" that interpretation.

We agree that the employee's affidavit does not reflect any foundation for her testimony regarding whether Mr. Davis was allowed to speak at the hearing and, therefore, that affidavit does not constitute evidence for purposes of a Tenn. R. Civ. P. 56 motion. Tenn. R. Civ. P. 56.06. Thus, Mr. Davis's failure to file a contradictory affidavit cannot result in judgment for failure to respond as provided in Tenn. R. Civ. P. 56.06. Without evidence regarding what happened at the hearing, Mr. Davis's allegations in his complaint regarding that issue remain unaddressed.

The simplest and procedurally correct way to resolve factual issues about what happened at the hearing is to file the administrative record. To the extent the court must determine factual issues about the conduct of the hearing itself, the record of that hearing provides the basis for that determination. The common law writ of certiorari procedure for review of an order or judgment of the Board is set out in Tenn. Code Ann. § 27-9-101 et seq.[3]

After a petition is filed, the court may require notice to the defendants before granting the writ or may grant the writ without notice. Tenn. Code Ann. § 27-9-108. As used in this and related statutes, the "grant" of the writ is simply an order to the board or other lower tribunal to send up its record for review.[4]

Thus, granting the writ is not a decision on the merits, but is a method by which the merits can be reviewed where the petition states claims which fall within the narrow available scope of judicial review. The purpose of granting the writ is to have the record of the board or other lower tribunal filed so that a reviewing court can determine whether petitioner is entitled to relief. *Puckett v. Broome*, 53 Tenn. App. 663, 667, 385 S.W.2d 762, 764-65 (1964).

> The writ of certiorari lies at common law to review and supervise the proceedings of inferior tribunals . . . and brings up the entire record to determine whether there has been an excess or absence of jurisdiction, or failure to proceed according to the essential requirements of the law.

*Clark v. Metropolitan Gov't of Nashville and Davidson County*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991) (citations omitted).

Thus, the applicable statutes envision the filing of the record from the lower tribunal so that the court can exercise proper judicial review. Herein, the record was not filed, but the Board nonetheless sought summary judgment on the basis of an employee's review of the record and/or parts of the record. To the extent that the petition stated a claim under the limited bases for common

---

[3]"Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter." Tenn. Code Ann. § 27-9-101.

[4]"Immediately, upon the grant of a writ, the board or commission shall cause to be made, certified and forwarded to such court a complete transcript of the proceedings in the cause, containing also all of the proof submitted before the board or commission." Tenn. Code Ann. § 27-9-109.

law writ of certiorari, the writ should have issued in order to allow judicial review had the petition been brought to the attention of the trial court prior to a response. To the extent the Board felt it was required to address the issues raised in the petition by recourse to parts of the record, the entire official and certified record of the proceedings of the Board should have been filed, regardless of whether the writ had been issued. If a review of the record is required in order to rule on the issues presented, it is the court that is to perform that review. An affidavit from someone who has reviewed the record, or as herein the "file," cannot substitute for judicial review of the board's proceedings.

Another procedural problem resulting from the Board's failure to file the record arises from Mr. Davis's filing with his petition a copy of an audiotape which he identified as the recording of the parole hearing giving rise to his complaint. The Board sent the tape recording to Mr. Davis on October 10, 2001. The Board did not address or refer to the submitted tape in its filings. Nothing in the trial court's order can be read to indicate the trial court reviewed the tape, which would have been inappropriate since the tape was not part of a certified administrative record.[5] *Livingston*, 2001 WL 747643 at *5.

From Mr. Davis's perspective, however, therein lies the rub. He requested that the Board be required to file a record of the proceedings and his parole file. As he correctly states in his brief, the trial court never reviewed the tape recording or the record of the Board's proceedings. That is attributable to the fact the Board never filed a certified record. To the extent Mr. Davis's allegations regarding the conduct of the hearing stated a claim under common law writ of certiorari, the tape of the hearing provided the best evidence. The fact that the Board failed to file a certified copy of the tape or transcript as part of the administrative record deprived Mr. Davis of reliance on that best evidence.

Again, any problem with whether the tape recording was properly reviewable could and should have been avoided by the Board filing a certified copy of the record of the proceedings before it. Its failure to do so while simultaneously attempting to factually dispute Mr. Davis's account of what happened at the hearing has unnecessarily complicated an otherwise simple procedure.[6] It has also called into question the validity of the trial court's dismissal based on the filings before it.

## II. Due Process

Although summary judgment may not have been appropriate based upon the Board's filings, the Board was entitled to dismissal of Mr. Davis's due process claims based on failure to state a

---

[5]Mr. Davis has also sent this court a copy of that tape along with his brief. We cannot review it since it was not transmitted to us as part of the trial court's record.

[6]Counsel for the Board obtained two affidavits and exhibits, prepared a statement of undisputed facts, and a motion for summary judgment and accompanying memorandum. Simply filing the administrative record would have only necessitated a memorandum on why Mr. Davis was not entitled to relief based on that record. This court continues to be at a loss to understand this procedural practice of the state respondents and counsel in light of *Livingston* and similar opinions and in light of the additional burdens it creates for counsel, the trial court, and this court.

claim, regardless of what the administrative record may have shown. Prisoners do not have an absolute right to be released from confinement prior to the expiration of their sentence. *Graham v. State*, 202 Tenn. 423, 426, 304 S.W.2d 622, 623-24 (1957); *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Tarpley v. Traughber*, 944 S.W.2d 394, 395 (Tenn. Ct. App. 1996). Thus, parole is a privilege and not a right. Tenn. Code Ann. §§ 40-28-117(a), 40-35-503(b); *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997). Whether a prisoner should be granted parole is a decision entrusted to the Board, not the courts. *State ex. rel. Ivey v. Meadows*, 216 Tenn. 678, 685, 393 S.W.2d 744, 747 (1965); *Rucker v. State*, 556 S.W.2d 774, 776 (Tenn. Crim. App. 1977).

Because no prisoner has a constitutional or inherent right to be conditionally released before the expiration of a valid sentence, *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-8, 99 S. Ct. 2100, 2104 (1979), a prisoner has no constitutionally protected liberty interest in parole. Tenn. Code Ann. § 40-35-503(b); *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995). Without such an interest, due process does not attach. Accordingly, Mr. Davis's claims of denial of due process were properly dismissed.

## III. Arbitrary and Capricious

Mr. Davis alleged the Board conducted the hearing in an arbitrary and capricious manner. The State respondents did not seek dismissal for failure to state a claim, but instead sought to dispute Mr. Davis's factual allegations. We have determined that attempt was unsuccessful.

Because of our resolution of another issue that the State respondents assert is the only and dispositive issue in this appeal, as discussed below, it is not necessary for us to determine whether Mr. Davis has stated a claim for relief under common law writ of certiorari.

## IV. Administrative Appeal to the Board

In the Board's memorandum in support of its motion for summary judgment, the Board disputed Mr. Davis's allegation that he was not permitted to administratively appeal the parole denial pursuant to procedures available under Board policies. The memorandum and accompanying affidavit assert Mr. Davis never appealed, but requested the tape of his hearing. Board policy allows appeal within twenty-one days "from the date the final disposition is made available to the inmate." Board Policy #500.50. Neither Mr. Davis nor the Board alleges any specific date on which Mr. Davis received notice of the parole denial, and the record on appeal does not reveal that information.

On appeal, Mr. Davis asserts the trial court improperly granted summary judgment of dismissal because it had no jurisdiction due to his failure to exhaust administrative remedies available to him, *i.e.*, the Board's internal appeal procedures. He argues that his exhaustion of available remedies was a necessary prerequisite to the filing of his petition. He does not dispute that

he did not appeal his parole denial through the Board's administrative procedures. However, he argues that the consequence of his failure to appeal was to deprive the court of its jurisdiction to grant dismissal.[7]

The Board takes the position that this appeal is limited by Mr. Davis's argument to the sole issue of whether he was precluded from bringing a petition for common law writ of certiorari because he did not pursue administrative appeal and that his petition was properly dismissed. We agree that the writ of certiorari does not lie where the petitioner has another "plain, speedy or adequate remedy." Tenn. Code Ann. § 27-8-101. In *Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695 (Tenn. Ct. App. April 30, 2002) (no Tenn. R. App. P. 11 application filed), this court held that a petition for writ of certiorari should have been dismissed on that ground because the petitioner alleged he had sought "appellate review under the Board's appeal procedure for the same alleged hearing irregularities that formed the basis for the petition" and that appeal was still pending.

Obviously, the facts of this case differ from those of *Bowling*. It is not clear from the record whether the time for Mr. Davis to administratively appeal had expired before he filed the petition for writ of certiorari. In its brief, the Board takes the position that Mr. Davis had notice that his parole had been denied by the date he filed his petition at the latest. This statement implies that Mr. Davis's opportunity to file an appeal had not been lost when he filed his petition and, therefore, he would have had another remedy available.

In view of the Board's position on when the time for administrative appeal began to run, the apparent solution is to do part of what Mr. Davis requests: affirm the dismissal of the petition without prejudice to Mr. Davis's pursuit of his administrative remedies.

This resolution furthers the purposes for the administrative appeal process. The Board's own policy requires that an inmate be given "ample opportunity" to present his views and relevant materials. Whether the Board member or hearing officer herein complied with that directive is more properly determined in the first instance by the Board itself, especially since the Board would have access to the best evidence of the conduct of the hearing, the tape recording. It would also give the Board the opportunity to correct any irregularities it might perceive that may not be addressable by the courts.

Consequently, we affirm dismissal of that portion of the petition alleging that the denial of parole was arrived at in an arbitrary and capricious manner on the ground another remedy was

---

[7]Contrary to Mr. Davis's assertions that the court should have returned his petition for writ of certiorari to him "until he had exhausted 'all' remedies," if the court had no jurisdiction, it had no option but to dismiss the petition.

available, but specifically find that the dismissal is without prejudice to Mr. Davis's right to appeal the denial of parole under the Board's procedures.[8]

### V.  Arbitrary and Capricious Setting of Next Review Hearing

Mr. Davis raised another claim in his petition, but it went unaddressed by the Board.  He asserted that Mr. Maples acted in an arbitrary and capricious manner by deferring Mr. Davis's next parole hearing beyond his release eligibility date.  The material submitted with the Board's summary judgment motion show that Mr. Davis received a ten year sentence for aggravated robbery and a consecutive twenty-year sentence for facilitation of first degree murder and that the sentences were imposed on December 2, 1998.  The affidavit continues, "The current expiration date on his ten year sentence is May 31, 2005, and May 31, 2025 is the current expiration date on his twenty year sentence."  It does not address his release eligibility date.  The Board set his next review for August of 2012.  Mr. Davis alleged this action was contrary to Board guidelines, arbitrary, and an act of personal vengeance.

Because this allegation was not addressed by the Board or the trial court, we have no basis upon which to review the claim or its dismissal as part of the dismissal of the entire petition.  In view of our recent decision in *Baldwin v. Tenn. Bd. of Paroles*, No. M2002-01428-COA-R3-CV, 2003 WL 21954199 (Tenn. Ct. App. Aug. 15, 2003), we cannot conclude on the record before us that the action complained of was not arbitrary and capricious.

### Conclusion

We affirm dismissal of Mr. Davis's claim that the Board's denial of parole was arbitrary and capricious without prejudice to his seeking appeal of the denial of his parole request through the administrative procedures established by the Board.  We reverse the dismissal of his claim that the Board's action in deferring his next parole hearing eleven years was arbitrary and capricious.  Costs of this appeal are taxed to the appellee, Board of Paroles.

 

 

_____
PATRICIA J. COTTRELL, JUDGE

---

[8]Although Mr. Maples continues to assert there were a number of irregularities in his hearing, his appeal focuses on his allegation that he was not informed of his right to appeal.  The record before us does not include any evidence that Mr. Davis was advised of his right to appeal.  The affidavit of the Board's records custodian states, "Mr. Davis did not appeal the Board's decision.  In paragraph ten of his complaint, Mr. Davis alleges that Mr. Maples denied him the right to do so.  That is not true."  Because the Board argues that Mr. Davis's petition for writ of certiorari should have been dismissed since he had another remedy available, the question of whether he was informed of that remedy is relevant, and we think the Board had the burden of establishing, as part of its argument that another remedy existed, that he was informed of the right to appeal and the procedures for effecting that appeal.  If we were not dismissing the petition with the opportunity for Mr. Davis to seek appeal with the Board, we would remand for a determination of whether Mr. Davis was properly informed or otherwise effectively denied the other remedy.