IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS JUNE 24, 2004

# PAUL MOSS v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 02-3154-I      Claudia Bonnyman, Chancellor**

_____

**No. M2003-02125-COA-R3-CV - Filed November 12, 2004**

_____

This action arises out of Appellant's parole hearing proceedings.  Subsequent to his original parole hearing, Appellant filed a petition for writ of certiorari with the Davidson County Chancery Court.  Upon Appellant's motion for summary judgment and Appellee's motion to dismiss, the trial court granted Appellee's motion to dismiss and denied Appellant's motion for summary judgment.  For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul C. Moss, Jr., *pro se*, Nashville, TN

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Senior Counsel, Nashville, TN, for Appellee

## MEMORANDUM OPINION[1]

## Facts and Procedural History

Paul Moss ("Moss" or "Appellant") was convicted for the crime of second degree murder, and in September 2000, he became eligible for parole consideration. A hearing was held on October 11, 2000, at the Middle Tennessee Correctional Annex in Nashville, Tennessee. At the hearing, the Board of Probation and Parole (the "Board") recommended that Moss serve the balance of his sentence, denied Moss parole, and did not inform Moss of a reason why he was denied parole. In order to prepare for an administrative appeal, Moss made several requests[2] for the final decision of the Board in writing.

After receiving no response from the Board and no written decision explaining the reasons for the denial of parole, Moss filed a petition for writ of certiorari in the Davidson County Chancery Court on October 22, 2002, seeking delivery of a copy of the Board's written decision and "relief in the form of revisiting the parole board within 60 days of [the chancery court's] decision." Subsequently, in April 2003, a copy of the Board's written decision[3] denying Moss parole was delivered to Moss, and the Institutional Parole Officer informed Moss he had forty-five days to file an administrative appeal contesting the Board's decision. However, rather than seeking an administrative appeal, Moss amended his petition for a writ of certiorari on April 29, 2003, seeking a new parole hearing. On the same day, Moss filed a motion for summary judgment, also seeking a new parole hearing and the recusal of the Board members from that hearing. On May 15, 2003, the Board filed a motion to dismiss Moss' petition arguing that Moss was not entitled to any due process rights and Moss had not exhausted his remedy of an administrative appeal.

On May 30, 2003, the trial court entered an order granting the Board's motion to dismiss, noting that prisoners do not have a constitutionally protected liberty interest in parole and that no due process rights attach. The trial court also determined that the motion to dismiss should be granted on the basis that Moss did not exhaust his administrative remedies by seeking an administrative appeal. Finally, the trial court noted that Moss failed to file a response to the Board's motion to dismiss, giving the court further justification for granting the Board's motion. Moss' response to

---

[1] Tennessee Court of Appeals Rule 10. Memorandum Opinion. – (b) This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Moss submitted three Inmate Information Requests dated November 1 and 30, 2000, and January 29, 2001, one classification appeal mentioning he was waiting for a written final decision of his parole hearing dated December 4, 2000, one letter to Warden Flora Holland dated January 4, 2001, and three letters to the "Board of Pardons and Paroles" dated October 29, 2001, January 14 and August 19, 2002..

[3] Moss was denied parole on the basis that "[t]he release from custody at this time would Depreciate the seriousness of the crime of which the offender stands convicted or promote Disrespect of the law."

the Board's motion to dismiss was received on June 2, 2003, but was delivered to prison officials for mailing on May 27, 2003. Though the trial court recognized that granting the motion to dismiss was no longer proper on the basis that Moss did not file a response, it still granted the Board's motion on the basis that no due process rights attach to parole hearings and Moss had failed to seek an administrative appeal. Subsequently, Moss filed an appeal with this Court and presents the following issues, as we perceive them, for our review:

1. Whether the trial court erred when it granted the Board's motion to dismiss on the basis that Moss had no due process rights in his parole hearing;
2. Whether the trial court erred when it granted the Board's motion to dismiss on the basis that Moss did not file an administrative appeal; and
3. Whether the trial court gave Moss a "full and fair hearing."

For the following reasons, we affirm the decision of the trial court and remand this action for an administrative appeal before the Board.

## Standard of Review

A motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6) "admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). "When reviewing a dismissal of a complaint under Rule 12.02(6), this Court must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003) (citing *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999)). "Because a motion to dismiss a complaint under Rule 12.02(6) challenges only the legal sufficiency of the complaint, courts should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id.* (citing *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)).

## Due Process

Appellant begins by arguing that requirements of due process and the circumstances of this case make the grant of Appellee's motion to dismiss improper. We begin by noting that prisoners do not hold an absolute right of release from confinement prior to the expiration of their sentence. *Davis v. Maples*, No. M2002-02564-COA-R3-CV, 2003 Tenn. App. LEXIS 592, at *13-14 (Tenn. Ct. App. Aug. 25, 2003) (citing *Graham v. State*, 304 S.W.2d 622, 623-24 (Tenn. 1957); *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Tarpley v. Traughber*, 944 S.W.2d 394, 395 (Tenn. Ct. App. 1996)). Parole is a privilege and not a right. Tenn. Code Ann. § 40-28-117(a) (2003); Tenn. Code Ann. § 40-35-503(b) (2003); *see also Davis*, 2003 Tenn. App. LEXIS 592, at *14 (citing *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997)). The decision of whether to grant a prisoner parole is entrusted to the Board and not the courts. *Davis*, 2003 Tenn.

App. LEXIS 592, at \*14 (citing *State ex rel. Ivey v. Meadows*, 393 S.W.2d 744, 747 (Tenn. 1965); *Rucker v. State*, 556 S.W.2d 774, 776 (Tenn. Crim. App. 1977)).

Because a prisoner does not have a constitutional or inherent right to conditional release prior to the expiration of a valid sentence, a prisoner has no constitutionally protected interest in parole. *Id*. at \*14 (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-8 (1979); *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995); Tenn. Code Ann. § 40-35-503(b) (2003)). Therefore, "[w]ithout such an interest, due process does not attach." *Id*. at \*15. For these reasons, the trial court properly granted the Appellee's motion to dismiss as it related to Appellant's claim of a violation of due process rights.

### Administrative Appeal

Next, Appellant argues that the trial court erred when it dismissed his petition for a writ of certiorari based on the fact that Appellant had not filed an administrative appeal. Specifically, Appellant contends dismissal was improper because he received a written final disposition of his parole hearing after he filed his original petition for a writ of certiorari. We begin by noting that Tenn. Code Ann. § 27-8-101 states:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally,[4] when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101 (2000). Additionally, the Rules of the Tennessee Board of Paroles provides further guidance on this issue. Specifically, the Rules of the Board enumerate the following procedures:

> (3) Findings and Notice of Decision.
>
> (a) Although the Board, or designated hearing panel thereof, may deliberate in the inmate's presence, individual notes of the Board or panel members shall remain confidential.
>
> (b) The Board shall inform the eligible inmate of its decision and reasons for the decision as soon as it is made.

---

[4] We also note that this Court has stated that the Board's conduct "may still be scrutinized under a Writ of Certiorari to determine if it has succeeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily in discharging its functions." *Horton v. Parole Eligibility Review Bd.*, No. M1999-02617-COA-R3-CV, 2000 WL 1559718, at \*2 n.3 (Tenn. Ct. App. Oct. 20, 2000) (citing *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871 (Tenn. Ct. App. 1994)).

(c) An inmate whose parole has been revoked, rescinded or denied may request an appellate review by the Board.  Requests for an appellate review must be received by the Board within twenty-one (21) days from the date the final disposition is made available to the inmate.  If the request is not received within twenty-one (21) days, it will be denied.  The request will be screened by a board member or designee to decide if a review will be conducted.  Reviews will be conducted for the following reasons:

> 1. if there is significant new evidence that was not available at the time of the hearing.

> 2. if there are allegations of misconduct by the hearing official that are substantiated by the record.

> 3. if there were significant procedural errors by the hearing official.

....

(g) The reasons why a particular inmate is denied release on parole shall be furnished in written form to such inmate.

Tenn. Comp. R. & Regs. 1100-1-1-.07(3) (2004).  The decision rendered on appellate review is a final decision.  Tenn. Comp. R. & Regs. 1100-1-1-.07(3)(e) (2004); Tenn. Code Ann. § 40-28-105(d)(11) (2003).  After examining Appellant's petition for a writ of certiorari as amended on April 29, 2003, it appears that Appellee notified Appellant of its decision and provided Appellant with a written copy of the Board's denial of parole with reasons for such denial.[5]  Therefore, examination of the petition alone leads this Court to affirm the trial court's dismissal for failure to state a claim.

However, in light of the Board's delay in providing Appellant his written final disposition and the reasons for the denial of parole until after Appellant filed his original petition for a writ of certiorari, we affirm the chancery court's dismissal of Appellant's petition for a writ of certiorari without prejudice to his pursuit of an administrative remedy.  *See Davis v. Maples*, 2003 Tenn. App. LEXIS 592, at *18 (Tenn. Ct. App. Aug. 25, 2003).  The Rules of the Tennessee Board of Paroles set forth a policy that an inmate must be provided with a reason for the denial of parole before he or she may appeal the Board's decision.  Tenn. Comp. R. & Regs. 1100-1-1-.07 (2004).  It requires the Board to provide an inmate with a written disposition of the Board's decision and the Board must inform the inmate of its decision, and reasons therefor, "as soon as it is made."  Tenn. Comp. R. & Regs. 1100-1-1-.07(3)(b) (2004).  The reason for this policy is apparent: without knowledge of why an inmate is denied parole, an inmate could scarcely mount an appeal and enumerate a reason for reversing the Board's decision.  Therefore, we affirm the dismissal of Appellant's petition for a writ

---

[5]      Appellant attached a copy of such written disposition to an affidavit filed with his amended petition.

of certiorari with the chancery court, but we hold that such dismissal is without prejudice to Appellant's right to appeal the Board's denial of parole pursuant to the Board's procedures. *See Davis*, 2003 Tenn. App. LEXIS 592, at *18-19.

## Full and Fair Hearing

Finally, Appellant argues that the chancery court did not give his petition for a writ of certiorari "fair and adequate consideration." The trial court failed to receive Appellant's response to Appellee's motion to dismiss before the hearing on such motion. Appellant filed a motion to set aside this dismissal. In response, the trial court issued an order with the following response which Appellant characterizes as "unenlightening": "Upon review of the entire record in this matter, the Court finds Petitioner's motion is not well-taken and accordingly denied." However, in another order addressing Appellant's motion for summary judgment, the trial court states that, although dismissal was improper on the basis that Appellant failed to file a response, dismissal is proper on the other grounds for dismissal, namely the failure of Appellant to file an administrative appeal and the lack of due process rights for a parole hearing. Because we affirm the chancery court's dismissal of Appellant's petition on these two other grounds, we see no reason to reverse the chancery court on this basis.

## Conclusion

For the reasons stated above, we affirm the chancery court's dismissal of Appellant's petition for writ of certiorari without prejudice to Appellant's right to an administrative appeal pursuant to the Appellee's procedures. Costs of this appeal are taxed equally to Appellant, Paul Moss, and Appellee, the Tennessee Board of Probation and Parole, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE