IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2004

## CLARENCE WASHINGTON V. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5790     Joseph H. Walker, III, Judge**

---

**No. W2003-03033-CCA-R3-HC  - Filed March 18, 2005**

---

Petitioner, Clarence Washington, appeals the trial court's denial of his petition for writ of habeas corpus challenging the legality of his sentence for his conviction of the offense of escape from a penitentiary.  After a review of the record, we affirm the trial court's dismissal of Petitioner's petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Clarence Washington, Henning, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, the State of Tennessee.

### OPINION

In 1982, Petitioner was convicted in case no. 78190 in the Shelby County Criminal Court of assault with the intent to commit robbery, and was sentenced to five to ten years in the Tennessee Department of Correction.  His conviction was upheld on appeal.  *State v. Washington*, 658 S.W.2d 144 (Tenn. Crim. App. 1983).  In 1983, Petitioner plead guilty in case nos. B86350 and B86351 in the Shelby County Criminal Court to two counts of robbery with a deadly weapon and was sentenced to ten years for each offense.  Petitioner was found to be a habitual offender, and his ten-year sentences in case nos. B86350 and B86351 were enhanced to two life sentences pursuant to Tennessee Code Annotated section 39-1-806 (repealed 1989).  The trial court ordered the two life sentences to be served concurrently to each other, and consecutively to his sentence in case no. 78190. This Court affirmed Petitioner's convictions on direct appeal.  *Clarence Washington v. State*, C.C.A. No. 23, Shelby County (Tenn. Crim. App., at Jackson, Feb. 6, 1985).

Petitioner escaped from the Lake County Regional Prison on January 25, 1984, and was returned to custody the following day. Later in 1984, Petitioner pled guilty to the offense of escape from a penitentiary in case no. 5840 in the Lake County circuit court, and was sentenced to two years. As in effect at the time of Petitioner's conviction, a defendant convicted of the offense of escape from a penitentiary was to be "punished by imprisonment in the penitentiary for a term of one (1) to five (5) years to commence from and after the expiration of the original term." Tenn. Code Ann. § 39-5-702 (repealed 1989). The escape occurred while Petitioner was serving his sentence in case no. 78190, but before his sentences in case nos. B86350 and B86351 commenced. The trial court ordered Petitioner to serve his sentence in case no. 5840 consecutively to his sentence in case no. 78190, without mentioning Petitioner's sentences in case nos. B86350 and B86351.

At some point, the Department of Correction notified Petitioner that the sentence for his escape conviction was scheduled to be served consecutively to all of his prior unexpired sentences, including his concurrent life sentences in case nos. B86350 and B86351. Petitioner filed a pro se petition for declaratory judgment in the Davidson County Chancery Court in 2001 seeking review of his sentence calculation and parole eligibility status. Petitioner contended that his escape sentence should be served consecutively to his sentence in case no. 78190 and concurrently to his life sentences in case nos. B86350 and B86351.

In denying Petitioner's petition, the chancery court found that the Department of Correction had properly scheduled Petitioner's escape sentence to be served consecutively to all unexpired sentences at the time the offense was committed pursuant to Tennessee Code Annotated section 39-5-702 (repealed 1989) and Rule 32 of the Tennessee Rules of Criminal Procedure. Thus, the chancery court concluded that the earliest possible time for the escape sentence to commence was after the conclusion of Petitioner's life sentences. Although Petitioner appealed other aspects of the chancery court's ruling, he did not appeal the chancery court's findings as to the proper order of service of his sentences. *See Washington v. Tennessee Department of Correction*, No. M2002-12651-COA-R3-CV, 2005 WL 309359, *4 (Tenn. Ct. App., Feb. 8, 2005).

Petitioner then filed a *pro se* petition for a writ of habeas corpus in the circuit court for Lauderdale County in 2003. The trial court denied Petitioner's petition because it failed to state a claim for which habeas corpus relief is appropriate. On appeal, Petitioner argues, on the one hand, that the chancery court's decision supports his argument that his negotiated plea agreement for his escape conviction was void because it failed to mention his unserved life sentences. Petitioner asks this Court to set aside his plea agreement and permit him to withdraw his guilty plea in case no. 5840. On the other hand, assuming that his plea agreement in case no. 5840 is valid, Petitioner argues that he should serve his escape sentence consecutively to his sentence in case no. 78190 and concurrently with his life sentences. Under this scenario, Petitioner contends that his sentence for case no. 5840 has expired.

The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to

convict or sentence the Petitioner, or the Petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93. The Petitioner has the burden of showing that his or her sentence has expired by a preponderance of the evidence. Tenn. Code Ann. § 29-21-101. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

Although Petitioner relies on both *McLaney* and *State v. Burkhart,* 566 S.W.2d 871 (Tenn. 1978) in support of his position that his 1984 sentencing judgment is void, neither case is applicable to the case *sub judice*. Both cases question the legality of a trial court's order of concurrent sentencing when consecutive sentencing is mandated by rule or statute. *See Burkhart*, 566 S.W.2d at 872 (The defendant pled guilty to an escape charge on the condition that his escape sentence run concurrently with the term of the original offense in direct contravention of the statute mandating consecutive sentences); *McLaney*, 59 S.W.3d at 94 (The order of concurrent sentencing is void if the defendant was on bail at the time he committed the offenses).

In the present case, Petitioner was serving his sentence in case no. 78190 when he escaped from custody. Pursuant to the statute existing at the time of the offense, the trial court correctly ordered Petitioner to serve his two-year sentence for escape consecutively to case no. 78190, the sentence for which he was being held at the time of his escape. Tenn. Code Ann. § 39-5-702 (repealed 1989); *Rucker v. State*, 556 S.W.2d 774, 776 (Tenn. Crim. App. 1977). If a defendant is sentenced for the offense of escape and has additional unserved sentences, the sentence for the escape offense shall be served consecutively to the unexpired sentences, "whether the judgment explicitly orders or not." Tenn. R. Crim. P. 32. Accordingly, the face of Petitioner's 1984 judgment of sentencing does not indicate that his sentence is illegal or that the trial court lacked the jurisdiction to sentence Petitioner. Claims of an involuntary or unknowing guilty plea would render a conviction voidable, not void, and thus are properly addressed in the post-conviction forum. *See Cox v. State*, 53 S.W.3d 287, 291-293 (Tenn. Crim. App. 2001). Petitioner has not stated a claim for which habeas corpus relief is available.

As for Petitioner's alternative argument that his two-year sentence for his escape conviction has expired assuming that the 1984 judgment is valid, Petitioner has already litigated this claim in a different forum, and the issue has been determined adversely to him. Although Petitioner strenuously argues that he did not raise this issue in the chancery court, we respectfully disagree with the characterization of his argument.

We also observe that although Petitioner signed his petition for habeas corpus relief and attached an affidavit, the affidavit was not verified as required by Tennessee Code Annotated section 29-21-107(a). The procedural requirements for pursuing a writ of habeas corpus are mandatory, "and must be followed scrupulously." *Archer*, 851 S.W.2d at 165, (citing *Bateman v. State*, 194 S.W.2d 336, 337 (Tenn. 1946).

Based on the foregoing, we find that Petitioner has not stated a claim for which habeas corpus relief is available.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE