**MOBILECOMM OF TENNESSEE, INC. (formerly Mobilecomm of Nashville, Inc.), Petitioner/Appellant,**

v.

**TENNESSEE PUBLIC SERVICE COMMISSION; Multipage, Inc.; Dial Page, Inc., and Jackson Mobilphone Company, Inc., Respondents/Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 22, 1993.

Application for Permission to Appeal
Denied by Supreme Court
March 28, 1994.

Charles W. Burson, Atty. Gen. and Reporter, Nashville, Pamela Bingham Broussard, Asst. Atty. Gen., for appellee.

## *OPINION*

LEWIS, Judge.

Petitioner, MobileComm of Tennessee, Inc. (MobileComm), appeals from the decision of the Tennessee Public Service Commission (Commission), denying it a certificate of public convenience and necessity and granting the certificate to Deaderick Paging Company, Inc. (Deaderick), to operate as a radio common carrier in the Knoxville, Tennessee market.

### THE CASE.

MobileComm filed its petition to serve the Knoxville, Tennessee market and the Kingsport, Johnson City, and Bristol (Tri–Cities), Tennessee market on 24 October 1991. Deaderick filed its petition on 11 June 1992. The two petitions were consolidated for hearing on 23 June 1992.

The issue before the administrative law judge (ALJ), was whether the public interest would be best served by granting the certificate of public convenience and necessity to MobileComm or whether it would be best served by granting it to Deaderick.

The Tennessee General Assembly has declared: "In determining whether a certificate shall be issued, the commission shall take into consideration, among other things, the public need for the proposed service or acquisition, the suitability of the applicant, the financial responsibility of the applicant, the ability of the applicant to perform efficiently the service for which authority is requested." Tenn.Code Ann. § 65–30–105(e) (1993).

Following the hearing before the ALJ, an initial order was entered on 23 October 1992 which granted MobileComm a certificate of public convenience and necessity to operate as a radio common carrier in the Knoxville and Tri–Cities markets. Deaderick filed exceptions to the ALJ's initial order and MobileComm filed its reply. The Commission considered the matter on 1 December 1992 and affirmed the ALJ's grant of the

T.G. Papas and Joseph F. Welborn, III, of Bass, Berry & Sims, Nashville, for Mobile-Comm of TN, Inc.

Jess D. Campbell, of Campbell & Dawson, Knoxville, for Deaderick Paging Co., Inc.

Tri–Cities market to MobileComm, but reversed his order as to Knoxville and awarded the Knoxville, Tennessee authority to Deaderick.

MobileComm argues that the Commission's decision to reverse the ALJ and award the certificate of public convenience and necessity to Deaderick for the Knoxville market was unsupported by the evidence presented at the hearing and that the decision was arbitrary and capricious in light of the evidence presented in the petitions and at the hearing.

MobileComm is a Tennessee Corporation with its principal place of business in Nashville, Davidson County, Tennessee. Mobile-Comm and its predecessor have provided continuous service in the Nashville area since 1979. MobileComm acquired its predecessor in 1983. Two of MobileComm's sister corporations, MobileComm of Memphis, Inc. and Telpage of Tennessee, Inc., have provided services as radio common carriers in the Memphis and Chattanooga areas.

Deaderick is a corporation owned 65% by Richard O. Deaderick, Jr. and 35% by Richard O. Deaderick, Sr. These two individuals also own Mid–South Paging Network, Inc., a private carrier paging company operating in the Nashville area, that has grown in a few months of operation to 750 customers who use 1700 paging units. Mid–South is to be consolidated with Deaderick Paging Co., when and if the grant of authority to Deaderick for the Nashville market is completed.

Tennessee MobilePhone was a family business operated by the Deadericks that provided paging service in the Knoxville area for many years. Following the sale of the business to Dial Page in 1985, Mr. Deaderick, Jr. worked for Dial Page as District Manager of the Knoxville and Tri–Cities markets.

The Deadericks contend they placed their emphasis on customer service. They further contend they invested in the best systems available, hired good people, educated their customers, and listened to their customers so they could be in tune with the customers' needs and wants.

Deaderick proposed in its application to the Public Service Commission, a state-of-the-art system with eleven initial transmitter sites, and the possibility of twelve, to serve the market area in competition with Dial Page, the existing paging company. Dial Page has in place fifteen transmitters to serve the area.

MobileComm proposed to serve the area with six transmitters. There is evidence in the record before the Commission that six transmitters, as preferred by MobileComm, would not provide sufficient territorial coverage to allow it to compete with Dial Page. Customers in the Knoxville area have been treated to wide territorial coverage through the years by Dial Page and by its predecessor, Tennessee MobilePhone, and wide area coverage is an important factor to the customers in the Knoxville area.

The system proposed by Deaderick would offer customers basic tone alert paging, voice paging, numeric display and alphanumeric display, and a wide range of other enhanced service features.

In support of their petition, Deaderick filed with the Commission, the financial statements of Deadericks, Sr. and Jr. and a letter of intent from Third National Bank, expressing willingness to lend money to the Deadericks for the installation of the service.

The Commission's expert witness on the issue of financial responsibility concluded that both Deaderick and MobileComm were financially able to serve the Knoxville and Tri–Cities markets.

MobileComm has presented the following two issues which we will address together: 1) "Whether the Tennessee Public Service Commission's decision to grant a certificate of public convenience and necessity to Deaderick Paging Company, Inc. for the Knoxville, Tennessee market was unsupported by evidence which is both substantial and material in light of the entire record," and 2) "Whether the Tennessee Public Service Commission's decision to grant a certificate of public convenience and necessity to Deaderick Paging Company, Inc. for the Knoxville, Tennessee market was arbitrary or capricious or characterized by an abuse of discretion or clearly an unwarranted exercise of discretion in light of the entire record."

■■■ This court, upon review of the agency's decision, may reverse or modify the decision of the agency if:

> the rights of the petitioner have been prejudiced because the [agency's] findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn.Code Ann. § 4–5–322(h) (1991).

This court may not substitute its judgment for that of the agency in reviewing the evidence. However, the substantial and material evidence standard "requires a searching and careful inquiry and subjects the agency's decision to close scrutiny." *National Council on Compensation Ins. v. Gaddis*, 786 S.W.2d 240, 242 (Tenn.App.1989). "Substantial and material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn.1984) (quoting *Pace v. Garbage Disposal Dist. of Washington County*, 54 Tenn.App. 263, 390 S.W.2d 461, 463 (1965)). This standard " 'requires something less than a preponderance of the evidence ... but more than a scintilla or glimmer' " of relevant evidence. *Estate of Street v. State Bd. of Equalization*, 812 S.W.2d 583, 585–86 (Tenn.App.1990) (citations omitted). The agency's decision is arbitrary if it lacks any rational basis. *Pace Co., Div. of AMBAC I., Inc. v. Dept. of Army*, 344 F.Supp. 787, 790 (W.D.Tenn.1971).

Tennessee Code Annotated section 65–30–105(e) requires the Commission to take into consideration "the public need for the proposed service or acquisition, the suitability of the applicant, the financial responsibility of the applicant, [and] the ability of the applicant to perform efficiently the service for which authority is requested." Tenn.Code Ann. § 65–30–105(e) (1993).

■■■ In granting a Certificate of Authority, the Commissioner is not restricted from taking "other things" into consideration. Tenn. Code Ann. § 65–30–105(e) (1993).

Other portions of the SRCCA provide additional guidance for the commission's decisions. Since its decisions must be harmonious with and further the public policy considerations in Tennessee Code Annotated section 65–30–102, the commission should also consider whether its decision promotes "adequate, economical and efficient radio common carrier service to citizens and residents of this state" as well as "harmony between radio common carriers and their subscribers." In addition, Tennessee Code Annotated sections 65–30–102, –105(f)(2) require the commission to consider whether its decisions will promote "meaningful competition in any service area" while discouraging "unjust discrimination, undue preferences or advantages, or unfair or destructive competitive practices."

■■■ MobileComm argues that the Commission's order in this case is arbitrary and capricious, is characterized by an abuse of discretion, and is unsupported by the substantial and material evidence presented to the Commission. We respectfully disagree. We think that a review of this record clearly shows that the Commission took into consideration the factors set forth in Tennessee Code Annotated § 65–30–105(e) in awarding the certificate of convenience and necessity to Deaderick.

The Commission's decision with respect to the award of the certificate of convenience and necessity to Deaderick for the Knoxville area is supported by substantial and material evidence. In this case, the Commission had no enviable decision in making a choice between two well qualified applicants. The Commission made the requisite considerations to promote adequate, economical, and efficient paging service by radio common carrier as set forth in Tennessee Code Annotated section 65–30–102 (1993). We think the record is clear that it considered all the

statutory factors including: the public need for paging services, the suitability of the applicants, the financial responsibility of the applicants, and their ability to efficiently perform the services. Tenn.Code Ann. § 65–30–105(e) (1993).

■ We are of the opinion that the record fully supports the Commission's determination that the advantage to the paging customers in the Knoxville area would be best served by awarding the certificate of necessity to Deaderick instead of MobileComm. Commissioner Bissell moved the Commission to grant the Knoxville market to Deaderick and his motion was "based on the fact first of all [that] the record contains testimony from the staff economist that Deaderick is financially able to provide the service in question." While MobileComm would probably finance the service with equity funds and it is probably necessary for Deaderick to finance their service with debt, we find nothing in the statute that requires a certificate to be given the applicant with the most funds.

The Commission, considering all of the evidence, found both applicants to be suitable and took note of "Mr. Deaderick's long history and positive reputation in providing [a] paging service in the Knoxville area." Deaderick proposed a superior service over a broader territory at a lower cost. We cannot re-weigh the evidence, however, we are of the opinion that even if we did, the evidence would still support awarding the certificate to Deaderick for the Knoxville area. The record shows that Commissioner Bissell concluded: The "foundation of my motion" is the fact that "Deaderick has proposed to offer service to a larger geographic area at a lower cost."

We think the record fully supports the finding that the Commission gave weight to the projections of Deaderick for the Knoxville market, based upon its successful operation in Nashville and its extremely accurate projections in the Nashville market. Deaderick had a recent track record.

■ MobileComm attempted to show that it could best serve the area by having a single paging company in Tennessee to serve in corridors or in metropolitan communities other than where the customer resided. We think the record shows that this service is technically available through the cooperation of existing paging companies without the customer noticing any difference in the manual use of his paging unit.

The record shows that the Commission gave every reasonable consideration to each of the issues. There is material evidence to warrant the finding of the Commission that the people of the Knoxville area will be better served by the grant of authority to Deaderick. *See Blue Ridge Transp. Co. v. Pentecost,* 343 S.W.2d 903, 906 (Tenn.1961) holding that if evidence is sufficiently substantial, in light of all the circumstances of the case, to warrant the Public Service Commission in finding that the people of Tennessee are better served by granting certificates of convenience and necessity, then the evidence is material rather than a mere scintilla.

As we have stated, this court cannot substitute its views and discretion for the views and discretion of the Tennessee Public Service Commission since there is material evidence in the record to support the findings of the Commission. *Tennessee Central Ry. Co. v. Pharr,* 29 Tenn.App. 531, 198 S.W.2d 289, 292 (1946). We find the issues presented by MobileComm to be without merit and therefore affirm the decision of the Commission in awarding the certificate of public convenience and necessity to Deaderick to service the Knoxville market. Costs of appeal are assessed to MobileComm and the cause remanded to the Commission for any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.