IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 1, 2002 Session

## ROBERT W. CHAGRASULIS, M.D. v. TENNESSEE BOARD OF MEDICAL EXAMINERS

**Appeal from the Chancery Court for Davidson County**
**No. 00-1866-I     Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2001-01595-COA-R3-CV - Filed July 18, 2002**

---

Appellant lost his license to practice medicine in the State of Maine. He later relocated to Tennessee and filed an application for a license to practice medicine. The Tennessee Board of Medical Examiners (the "Board") denied his application based on the disciplinary action taken against him in the State of Maine. The Davidson County Chancery Court affirmed the Board's decision. Appellant now appeals the Davidson County Chancery Court's decision to this court and asserts that the Board's decision was arbitrary and capricious or an abuse of discretion. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Frank J. Scanlon, Nashville, Tennessee, for the appellant, Robert W. Chagrasulis, M.D.

Paul G. Summers, Attorney General and Reporter; Sue A. Sheldon, Senior Counsel, Health Care Division, for the appellee, State of Tennessee.

### OPINION

Appellant, Robert W. Chagrasulis, received his license to practice medicine in the State of Maine in 1986. He conducted a general surgical practice in Bridgton, Maine from July 1986 to June 1994. On May 14, 1992, Dr. Chagrasulis was arrested for Driving Under the Influence ("DUI") in South Portland, Maine. He was later convicted of DUI on January 11, 1993.

In December of 1992, after a party at Dr. Chagrasulis's house, one of the male guests accused Dr. Chagrasulis of sexually assaulting him. He was indicted on one felony count of gross sexual

assault on April 7, 1994. He later pled guilty on February 13, 1995 to one misdemeanor count of unlawful sexual contact.

Shortly after being indicted for gross sexual assault, Dr. Chagrasulis was again arrested for DUI on April 22, 1994. He pled guilty to driving to endanger on February 8, 1995.

Dr. Chagrasulis filed an application for renewal of his Maine medical license in September of 1994. The application included a question asking the applicant to list any prior arrests or convictions. Dr. Chagrasulis did not include his arrests or convictions for DUI. He also did not include information concerning his indictment for felony sexual assault allegedly on the advice of his attorney.

The Maine Medical Board denied his application on March 14, 1995 for failure to disclose his DUI conviction and his arrests for DUI and sexual assault and the subsequent convictions of driving to endanger and unlawful sexual contact.

The Cumberland County Superior Court sentenced Dr. Chagrasulis to 364 days in jail with all but 60 days suspended and placed him on one year of probation based on his February 13, 1995 guilty plea to unlawful sexual contact. The court also fined him $2,000.00.

On July 11, 1995, Dr. Chagrasulis entered into a "Consent Agreement" with the Maine Medical Board. This agreement continued indefinitely a hearing on the denial of his license renewal as long as Dr. Chagrasulis ceased the practice of medicine and would submit to evaluations deemed necessary by the Maine Medical Board. On February 20, 1996, Dr. Chagrasulis entered into a "Consent Agreement Regarding Conditional, Probationary License." In this agreement, the Maine Medical Board found that Dr. Chagrasulis had been evaluated by a substance abuse counselor and psychologist, was participating in the Physician's Health Program and was involved in active counseling with a substance abuse counselor and a psychologist. Under this agreement, Dr. Chagrasulis would be able to practice with a conditional license if he met several conditions: (1) abstain from the use of alcohol and prohibited substances; (2) undergo some level of substance monitoring for the length of the agreement pursuant to a written plan submitted by Dr. Chagrasulis and approved by the Maine Medical Board; (3) agree to counseling on a monthly basis for the first two years after receiving his license and at least annually for the following three years; (4)attend Alcoholics Anonymous ("AA") and the Physician's Health Program; (5) maintenance of these obligations when away from Maine; (6) involvement in the Maine Committee on Physician's Health; (7) evaluations by an independent examiner selected by the Maine Medical Board; and (8) provide a copy of the Consent Agreement to any hospitals, clinics, residencies, medical practices, and office managers that he works with to be signed by Dr. Chagrasulis and any persons listed above.

Dr. Chagrasulis never sought reinstatement pursuant to this agreement. Instead of practicing, he worked as a volunteer for a medical mission sponsored by the American Baptist Churches in the Dominican Republic. This volunteer work included helping build facilities, coordinating volunteer

activity, giving lectures and raising money. In March of 1998, Dr. Chagrasulis entered an inpatient alcohol treatment program.

Dr. Chagrasulis then became interested in reviving his medical career. In June of 1998, he became a Senior Resident in General Surgery at Vanderbilt Hospital. He kept this position until July of 1999. He then became a Clinical Fellow in Trauma in the Surgical Intensive Care Unit, also at Vanderbilt.

Dr. Chagrasulis applied for a medical license in Tennessee in 1999. The Tennessee Board of Medical Examiners (the "Board") considered and denied this application at its September 21, 1999 meeting. Dr. Chagrasulis requested a contested case hearing. The contested case hearing was held on March 8, 2000, and a motion to grant the license on certain conditions failed on a tie vote. Dr. Chagrasulis filed a Petition for Judicial Review to the Davidson County Chancery Court. The trial court affirmed the Board's decision.

## II.

When reviewing a decision of a state agency, this court must follow the standard of review set out in Tenn. Code Ann. § 4-5-322(h):

> The [reviewing] court may affirm the decision of the agency or remand for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1)    In violation of constitutional or statutory provisions;
> (2)    In excess of the statutory authority of the agency;
> (3)    Made upon unlawful procedure;
> (4)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)    Unsupported by evidence which is both substantial and material in the light of the entire record.

Dr. Chagrasulis's sole issue on appeal is whether the Board's decision should be reversed pursuant to Tenn. Code Ann. § 4-5-322(h)(4) as arbitrary and capricious or an abuse of discretion. This statute has been strictly construed by our Supreme Court in holding that an agency's findings "may not be reversed or modified unless arbitrary or capricious or characterized by an abuse, or clearly unwarranted exercise, of discretion and must stand if supported by substantial and material evidence." *CF Industries v. Tennessee Pub. Serv. Comm'n*, 599 S.W.2d 536, 540 (Tenn. 1980). The decision of a state agency is not arbitrary or capricious if there is any rational basis for the conclusions. *Mobilcomm of Tennessee v. Tennessee Public Service Commission*, 876 S.W.2d 101, 104 (Tenn. Ct. App. 1993).

This court does not review the record *de novo*, but rather is confined to the record made before the agency. *Metropolitan Government v. Shacklett*, 554 S.W.2d 601, 604 (Tenn. 1977). Having reviewed the record in this case, we do not find that the Tennessee Board of Medical Examiners acted arbitrarily or capriciously, nor did the Board abuse its discretion.

The Board may deny a license to an applicant for a number of reasons set out in Tenn. Code Ann. § 63-6-214(b). In its final order the Board relied on subsection (b)(20) which reads as follows:

> Disciplinary action against a person licensed to practice medicine by another state or territory of the United States for any acts or omissions which would constitute grounds for discipline of a person licensed in this state. A certified copy of the initial or final order or other equivalent document memorializing the disciplinary action from the disciplining state or territory shall constitute prima facie evidence of violation of this section and be sufficient grounds upon which to deny, restrict or condition licensure or renewal and/or discipline a person licensed in this state.

It is undisputed that Dr. Chagrasulis had lost his license to practice in Maine. From the order in that proceeding it is clear that the false statements made in his application to renew his license formed the bases for the action taken by the Maine Board. False statements or representations are also grounds for discipline under Tenn. Code Ann. § 63-6-214(b)(3). It is clear that the Board had a rational basis for its decision to deny Dr. Chagrasulis a medical license. Therefore, the Board did not act arbitrarily or capriciously or abuse its discretion.

The decision of the Davidson County Chancery Court is affirmed. We remand this cause to the Davidson County Chancery Court for any proceedings that may be necessary. Tax the costs of this appeal to the appellant, Dr. Robert W. Chagrasulis

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.