IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS AUGUST 24, 2006

## DORA W. MOORE v. JAMES G. NEELEY, Commissioner of the Tennessee Department of Labor and Workforce Development, and U.S. Postal Service

Direct Appeal from the Chancery Court for Shelby County
No. CH-05-1438-3     D. J. Alissandratos, Chancellor

No. W2006-00438-COA-R3-CV - Filed October 6, 2006

This case involves a claim for unemployment compensation filed with the Tennessee Department of Labor and Workforce Development. The claimant was initially denied unemployment benefits based on the Agency's finding that she had been terminated for work related misconduct. First-level appeals from agency decisions are allowed within fifteen days. The claimant appealed and an in-person hearing was scheduled. She requested a re-scheduling of the hearing, and her request was accommodated. She then canceled the second scheduled hearing and requested a withdrawal of her unemployment claim. Later, she attempted to re-appeal the initial agency determination outside the fifteen-day time limit. She subsequently requested an appeal of the first-level tribunal's decision allowing her to withdraw her appeal. The second-level board found it lacked jurisdiction because the claimant had not filed her appeal within fifteen days of the determination. Plaintiff claimed she was denied procedural due process because her in-person hearing was not rescheduled. The chancery court affirmed the board's finding that it lacked jurisdiction. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Dora W. Moore, Memphis, TN, *pro se*

Paul G. Summers, Attorney General and Reporter; Lauren S. Lamberth, Assistant Attorney General, Nashville, TN, for Appelllee

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Dora W. Moore ("Ms. Moore") began working for the United States Postal Service ("USPS") in 1985. She was discharged from her employment on August 6, 2004. On September 10, 2004, Ms. Moore filed a claim with the Tennessee Department of Labor and Workforce Development ("the Agency") for unemployment benefits. In her claimant separation statement, she noted that she had been discharged after an altercation with her supervisor. The parties do not dispute that the police were called to the scene and that Ms. Moore was told not to return to the premises.

The Agency contacted the USPS requesting information regarding Ms. Moore's termination. The USPS responded that Ms. Moore had been placed on off-duty, non-pay status for her "hostile misconduct and failure to follow her supervisor's instructions." On September 29, 2004, an "Agency Decision" was issued denying Ms. Moore's claim for unemployment compensation. Pursuant to Tenn. Code Ann. § 50-7-303 (2001), the Agency determined that Ms. Moore was ineligible for benefits because she had been discharged for work related misconduct. A copy of the Agency Decision was mailed to Ms. Moore's address with a statement of her right to appeal within fifteen days.

There are two stages of review within the Agency – the first-level Appeals Tribunal and the second-level Board of Review. On October 4, 2004, Ms. Moore timely appealed the Agency Decision to the Appeals Tribunal and an in-person hearing was scheduled for October 28, 2004. However, in a letter dated October 25, 2004, Ms. Moore requested that the hearing be rescheduled. Accordingly, the Agency re-set the date of the hearing for November 8, 2004. Yet again, Ms. Moore contacted the Agency by letter before the hearing, this time stating that she wished to cancel the upcoming hearing and withdraw her claim for unemployment. She claims that she had worked out a settlement with the USPS, whereby she would drop her claim for unemployment benefits in exchange for the USPS paying her back-time benefits. On November 3, 2004, the Appeals Tribunal issued its decision which allowed Ms. Moore to withdraw her appeal, thereby leaving the Agency Decision undisturbed.

Ms. Moore wrote another letter to the Appeals Tribunal on November 9, 2004, requesting it to re-open her case immediately and to schedule a hearing date as soon as possible. Apparently her settlement arrangements had not worked out as planned. On November 16, 2004, she filed a second Notice of Appeal, again requesting the Appeals Tribunal to review the original Agency Decision disqualifying her for work related misconduct. She claims that she was attempting to reschedule the original appeal hearing and was told that a hearing would be set. No hearing was scheduled at that time.

On June 16, 2005, Ms. Moore filed a third Notice of Appeal, this time designating that she wished to appeal the decision of November 3, 2004. She had again indicated that she was appealing the initial Agency Decision to the Appeals Tribunal, but the date to which she referred corresponded

with the date the Appeals Tribunal allowed her to withdraw her appeal and left the underlying decision undisturbed. The Agency concluded that Ms. Moore's claim could not be re-opened at the Appeals Tribunal level and treated this notice as an appeal of the Appeals Tribunal's decision to the Board of Review. Ms. Moore has not disputed this characterization of her appeal.

On July 14, 2005, the Board of Review issued its decision with a finding that it lacked jurisdiction to hear Ms. Moore's appeal. Pursuant to Tenn. Code Ann. § 50-7-304 (c) (2004), a claimant has fifteen days to appeal a decision of the Appeals Tribunal to the Board of Review. Ms. Moore's appeal to the Board of Review was filed approximately seven months after the decision of the Appeals Tribunal, and therefore the Board held that her appeal was untimely. (T.R.Vol.II, p.49). The Board of Review found no "good cause" to extend the deadline. The decision of the Appeals Tribunal remained undisturbed, so the original Agency Decision also remained in effect. Ms. Moore filed a Petition to Rehear with the Board of Review, which was denied on July 28, 2005.

On August 4, 2005, Ms. Moore petitioned for judicial review in the Chancery Court of Shelby County. She later amended her petition to add the USPS as a defendant. The trial court dismissed her petition on February 24, 2006, affirming the Board of Review's decision that it lacked jurisdiction to hear the appeal.

Ms. Moore prematurely filed her notice of appeal to this Court on February 17, 2006. She claims that the actions of the Appellees violated her due process rights under T.C.A. § 50-7-304,[1] and violated the United States and Tennessee Constitutions. She contends that the Appellees are therefore liable for $5000.00 in denied unemployment benefits, as well as $46,000.00 representing one year's lost wages, plus court costs. For the following reasons, we affirm the decision of the chancery court.

## II. STANDARD OF REVIEW

This Court reviews administrative unemployment compensation decisions using the same standard employed by trial courts. *Ford v. Traughber*, 813 S.W.2d 141, 144 (Tenn. Ct. App. 1991); *Armstrong v. Neel*, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986). The standard is more narrow than the broad standard employed in other civil appeals. *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988). It is statutorily defined and set forth in Tenn. Code Ann. § 50-7-304(i) (2004):

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;

---

[1] Tenn. Code Ann. §50-7-304 sets forth procedures for the filing and determination of claims for unemployment benefits, along with provisions for appeal of the Agency's decisions.

(B) In excess of the statutory authority of the agency;

(C) Made upon unlawful procedure;

(D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(E) Unsupported by evidence that is both substantial and material in the light of the entire record.

We defer to the decisions of administrative agencies when they are acting within their area of specialized knowledge, experience, and expertise. *Wayne County*, 756 S.W.2d at 279.

## III. DISCUSSION

On appeal, Ms. Moore asserts that the Agency's failure to provide her with a hearing violated the United States and Tennessee Constitutions and her due process rights. It is undisputed that Ms. Moore did not have an in-person hearing regarding her entitlement to unemployment benefits. The Appellees argue that no hearing was required after Ms. Moore withdrew her appeal. We agree.

A state may erect reasonable procedural requirements for triggering the right to an adjudication, such as statutes of limitations, and a state may terminate a claim for failure to comply with reasonable procedural rules without violating the claimant's rights to due process. *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265, 279 (1982)). "However, before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.* We must consider whether the statute affords a fair and reasonable opportunity for bringing suit, that is, whether the time period provides a reasonable opportunity to have the claimed issue heard and determined. *Id.*

In order to obtain an in-person hearing on an unemployment claim, the claimant may file an appeal of the initial Agency Decision. An agency representative's determination of a nonmonetary issue becomes final unless an interested party files an appeal within fifteen days after a written notification of the determination is mailed to each party. Tenn. Code Ann. § 50-7-304(b)(1)(B) (2004). In the case of such an appeal "*that has not been withdrawn*," an unemployment hearing officer must afford all interested parties reasonable opportunity for a fair hearing. Tenn. Code Ann. § 50-7-304(c)(1) (2004) (emphasis added).

In this case, the Agency initially determined that Ms. Moore was ineligible for unemployment compensation because she was terminated for work related misconduct. The Agency Decision was released on September 29, 2004, and a copy setting forth the fifteen-day time limit for appeals was mailed to Ms. Moore's address. Accordingly, she had fifteen days in which to appeal the decision to the Appeals Tribunal. Ms. Moore's appeal was timely filed on October 4, 2004 and an in-person hearing was scheduled for October 28. She requested a rescheduling of this hearing, and it was re-set for November 8. Before the hearing was held, however, Ms. Moore wrote a letter to the Appeals Tribunal canceling the upcoming hearing and withdrawing her claim for unemployment. On

November 3, 2004, the Appeals Tribunal issued its decision allowing Ms. Moore's application for withdrawal of her appeal and leaving the original Agency Decision undisturbed.

Following Ms. Moore's withdrawal of her appeal, the Appeals Tribunal proceeded in accordance with proper procedures and was not required to hold a hearing. An appeal hearing is not required on appeals that have been withdrawn. Tenn. Code Ann. § 50-7-304(c)(1) (2004). Ms. Moore's requests for rescheduling had been accommodated and she had been afforded an opportunity for a fair hearing. She voluntarily withdrew her appeal and canceled the hearing. "[F]ailure to avail oneself of the full procedures provided by state law does not constitute inadequacy of such procedures." *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 567 (Tenn. Ct. App. 1991) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 484, 102 S.Ct. 1883, 1899 (1982)).

On November 9, 2004, Ms. Moore wrote another letter to the Appeals Tribunal requesting it to re-open her case and schedule another hearing date.[2] She filed a second Notice of Appeal on November 16, 2004, attempting to re-appeal the original Agency Decision of September 29, 2004, back to the Appeals Tribunal. No action was taken by the Appeals Tribunal on these requests.

We find that Ms. Moore's second appeal was untimely. When a party fails to appeal an Agency Decision within the statutory time limit, the Appeals Tribunal lacks jurisdiction over the matter unless it determines that "good cause" existed for the delay. *See Stump v. Yount*, No. 85-48-II, 1985 Tenn. App. LEXIS 2957 (M.S. June 21, 1985). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended without good cause shown." 2 Am. Jur. 2d *Administrative Law* § 364 (2006).

The Agency Decision had become final when Ms. Moore withdrew her first timely appeal outside the fifteen-day time limit. The Appeals Tribunal had formally withdrawn her appeal, as requested, leaving the decision of the Agency undisturbed. Ms. Moore could not simply "re-open" her case on demand at the Appeals Tribunal level. Neither could she file a second late appeal to revive her first appeal that had been withdrawn. To allow such a result would effectively do away with the fifteen-day deadline, so that a claimant who initially files a timely appeal could withdraw it and re-open the appeal at any point in the future. The period for filing an appeal would thereby be extended indefinitely. Therefore, we find that Ms. Moore's second appeal was untimely and the Appeals Tribunal did not have jurisdiction over the matter.[3]

---

[2] A notation was entered on Ms. Moore's letter which is poorly reflected in the copy included in the record. It appears to read: "Claimant withdrew [the] appeal on 11/3. Claimant may report to local office to reopen claim, including any new circumstances . . . file an untimely appeal in the original separation or appeal the withdrawal to BOR." A separate notation appears to read: "notified . . . she will go to e.o." with an illegible date and time.

[3] We feel it is necessary to mention another procedural option included in the Agency's Regulations, the "request for rehearing." Ms. Moore did not characterize her second Notice of Appeal as a request for rehearing, and the Agency did not construe it as such on its own initiative. We do not believe that such a re-characterization would have been proper. We consider Ms. Moore's second appeal as an attempt to re-appeal, not a request for a rehearing. Still, we

(continued...)

We also conclude that the fifteen-day time limit for appeals to the Appeals Tribunal provided Ms. Moore with a reasonable opportunity to have the claimed issue heard and determined. This conclusion is supported by the fact that Ms. Moore timely filed her initial appeal within five days. In addition, the 1981 Model State Administrative Procedure Act sets a suggested statutory deadline of only ten days for appealing initial decisions of agency officials. Model State Administrative Procedure Act (1981) § 4-216(b). The fifteen-day deadline was a reasonable procedural requirement, and Ms. Moore's failure to comply with the rule meant that the Agency could refuse to hear her appeal.

In the ordinary situation involving a late-filed appeal, "a hearing shall be scheduled on the issue of whether there is good cause for delay." Tenn. Comp. R. & Regs. 0560-3-2-.03 (2001). The Appeals Tribunal did not schedule a hearing regarding "good cause" on this untimely second appeal. However, it is not clear that the Regulation addressing appeals that are merely filed late would apply to this situation involving a subsequent attempt to re-appeal. Ms. Moore had timely filed her initial appeal, and it was voluntarily withdrawn. In fact, her letter requested that the Appeals Tribunal completely withdraw her claim for unemployment. When Ms. Moore filed this subsequent appeal, the Appeals Tribunal had already issued a formal decision allowing withdrawal of the original appeal and stating that the original agency decision would remain in effect. This case involves a unique situation and not merely a late-filed appeal.

The Agency's decision not to hold a "good cause" hearing on a late second appeal was not arbitrary and capricious or an abuse of discretion. An agency's decision is arbitrary if it lacks any rational basis. *MobileComm of Tenn., Inc. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 101, 104 (Tenn. Ct. App. 1993). The Agency had determined that Ms. Moore could not re-open her case at the Appeals Tribunal level. It is not irrational to conclude that a claimant's attempt to re-appeal an Agency Decision after the Appeals Tribunal has formally addressed the matter should be treated

---

[3](...continued)

will address this option in order to note our consideration of the issue. Requests for rehearing are discussed in Tenn. Comp. R. & Regs. 0560-3-2-.04 (2001), as follows, in pertinent part:

> (1) Failure of a party to appear at a hearing shall not result in a decision being automatically rendered against such party.
> (a) If a party fails to appear . . . the Appeals Referee shall proceed with the hearing and shall promptly render a decision on the basis of whatever evidence is properly before such Appeals Referee, unless the Appeals Referee determines that a postponement, continuance or rehearing should be granted in order to secure all the evidence that is necessary for a fair hearing to all parties of interest.
> (2) Any hearing before an Appeals Referee may, and for good cause shall, be postponed or continued upon the request of a party or upon the Appeals Referee's own motion, at any time before the hearing is concluded.
> (a) The Appeals Referee shall grant a rehearing if good cause is shown, including good cause for not appearing at the scheduled hearing.

It appears that "requests for rehearing" are proper when a claimant requests a continuance at a hearing, or fails to appear at a scheduled hearing, and wishes to re-schedule it. Ms. Moore completely withdrew her appeal and canceled the hearing. Although she refers to her appeal as an attempt to "re-schedule," that option was no longer available to her after she completely withdrew her appeal. The Agency Decision had already become final. Therefore, her second Notice of Appeal would not qualify as a request for rehearing.

differently than a first appeal that is filed past the fifteen-day deadline. We will defer to the Agency's decision on this debatable question involving its own procedures. ***See Wayne County***, 756 S.W.2d at 279. "One of the most venerable doctrines in administrative law is that a court will give great deference to an agency's interpretation of its own rules." 33 Charles Alan Wright & Charles H. Koch, Jr., *Federal Practice and Procedure* § 8353 (2006).

On June 16, 2005, Ms. Moore filed a third Notice of Appeal.[4] She indicated that she was again appealing the Agency Decision to the Appeals Tribunal, but then noted that she was appealing the decision from November 3, 2004, which was the date the Appeals Tribunal issued its decision allowing withdrawal of her appeal. The Agency processed this as an appeal of the Appeals Tribunal's decision to the Board of Review. The Board held on July 14, 2005, that this appeal was untimely, as appeals to the Board must be filed within fifteen days of the mailing of a decision of the Appeals Tribunal. Tenn. Code Ann. § 50-7-303(c) (2001). Ms. Moore's third appeal had come seven months after the Appeals Tribunal's decision. The Board found no "good cause" for extending the deadline, thereby leaving the Agency Decision in effect. The chancery court affirmed, dismissing the petition for review.

We agree that Ms. Moore's third Notice of Appeal was also untimely, so the Board of Review lacked jurisdiction over the appeal. In determining whether "good cause" existed for extending the deadline for filing an appeal, the Board of Review considered the following factors set forth in Tenn. Code Ann. § 50-7-304(c)(2) (2004): the length of the delay, the reason therefor, and the prejudice or lack thereof to the parties. As previously noted, the appeal was filed approximately seven months late, with no explanation for the delay except that Ms. Moore claimed she was told a hearing would be set and it was not. In fact, she states in her brief to this Court that she received no appropriate response whatsoever from the Appeals Tribunal to any of her requests for a hearing to be set. The Board of Review found no evidence of whether the employer would be prejudiced by allowing the appeal, but it concluded that good cause did not exist for extending the

---

[4] We should note that Ms. Moore claims in her brief that on or around June 22, 2005, she received notice from the Appeals Tribunal that she could file an appeal with the Board of Review within fifteen days from receipt of that notice. She claims that she filed such an appeal on June 25, 2005, which should be considered timely in accordance with the Tribunal's notice. However, there is no evidence in the record that the notice Ms. Moore refers to actually exists.

The record before us establishes that Ms. Moore filed her third Notice of Appeal on June 16, 2005, rather than June 25, 2005, as she strongly contends. The record also includes the initial Agency Decision which had been mailed on September 29, 2004, and which included instructions for appealing that decision within fifteen days. The only mailing from the Appeals Tribunal, a copy of its decision from November 3, 2004, includes a designation that it was mailed on the date of decision. The decision of the Appeals Tribunal actually reads: "date of mailing: 11/03/2006." However, both parties refer to the date of the Tribunal's decision as November 3, 2004. Because the date noted on the decision has yet to occur, we believe it was a typographical error and should read "11/03/2004.")

In sum, we find that Ms. Moore's claim that a subsequent letter from the Appeals Tribunal extended the time during which she could appeal is not supported by the evidence. An Appeals Tribunal decision is only appealable within fifteen days, and it is unlikely that the Tribunal would send a claimant a letter more than six months after its decision became final to extend the deadline for filing an appeal. In addition, Ms. Moore has not included a copy of any such notice in the record. Appellate courts generally review only what is included in the record, not what might have been or should have been included. ***Dearborne v. State***, 575 S.W.2d 259, 264 (Tenn. 1978); Tenn. R. App. P. 13(c).

time for appeal. There is substantial and material evidence in the record and a reasonable basis in the law to support the Board of Review's finding that it lacked jurisdiction due to the untimely filing of Ms. Moore's appeal. Therefore, the lack of a hearing at this stage did not constitute a denial of due process.

Although Ms. Moore never had an in-person hearing regarding her unemployment benefits, we cannot say that her rights to procedural due process were violated. She was provided with notice of all scheduled proceedings and given opportunities to be heard before the Appeals Tribunal. Unfortunately, Ms. Moore failed to take advantage of those opportunities. She withdrew her appeal of the Agency Decision, and it thereby became final. The due process right to a hearing may be lost by delay. 16B Am. Jur. 2d *Constitutional Law* § 959 (2006). Due process does not require that every litigant actually have a hearing on the merits. ***See*** 2 Chester James Antieau & William J. Rich, *Modern Constitutional Law* § 35.06 (2d ed. 1997) (citing *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971)). For example, a state may enter a default judgment "against a defendant who, after adequate notice, fails to make a timely appearance, or who, without justifiable excuse, violates a procedural rule requiring the production of evidence necessary for orderly adjudication." ***Id.*** Likewise, a claimant's failure to timely petition for a hearing constitutes a waiver of any right to administrative review. 2 Am. Jur. 2d *Administrative Law* § 364 (2006).

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Dora W. Moore, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE